[Crim. No. 39073. Second Dist., Div. Five. Sept. 3, 1981.]

THE PEOPLE, Plaintiff and Respondent, v.
MIGUEL ANGEL COBLENTZ, Defendant and Appellant.

478

---

COUNSEL

Joseph C. Amato for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Norman H. Sokolow and Howard J. Schwab, Deputy Attorneys General, for Plaintiff and Respondent.

---

OPINION

ASHBY, J.—By court trial appellant was found guilty of burglary and was granted probation with 180 days to be served in county jail.

On the morning of June 6, 1980, the manager of the Thrifty Gas Station at 1025 West Anaheim Street in Wilmington opened the station and discovered that it had been burglarized. Cigarettes were missing and the safe, which should have included the money from previous shifts, was empty. The total amount missing, including the cigarettes, was over $2,900.

Suspecting an "inside job," the head security officer for Thrifty Oil Company arranged for several employees, including appellant, to be given a lie detector test by a private polygraph examiner hired by the company. During the examination, appellant confessed to committing the burglary.

■ Appellant contends his confession should have been suppressed on the ground that the private polygraph examiner did not warn appellant of his *Miranda* rights. This argument has no merit. The private consultant had no connection with the police, and the examination was conducted for the private purposes of appellant's employer. There was no duty to give a *Miranda* warning. (*In re Eric J.* (1979) 25 Cal.3d 522, 526-528 [159 Cal.Rptr. 317, 601 P.2d 549]; *People* v. *Mangiefico* (1972) 25 Cal.App.3d 1041, 1049 [102 Cal.Rptr. 449].) The *Eric J.* case is very similar on its facts. The appellant, an employee at a skating rink, was questioned by the manager of the rink, concerning stolen skates he was attempting to sell. (25 Cal.3d at p. 526.) The court held that absent some complicity on the part of law enforcement officials with the interrogation, no *Miranda* warning was required. (*Id.*, at pp. 527-528.)[1]

Appellant contends that on the facts of this case the police were sufficiently involved with the polygraph examination to render it inadmissible. (See *Stapleton* v. *Superior Court* (1968) 70 Cal.2d 97, 100-102 [73 Cal.Rptr. 575, 447 P.2d 967].) This argument is not supported by the record. The trial court's implied finding of lack of complicity is supported by substantial evidence and must be upheld on appeal. (*In re Eric J., supra,* 25 Cal.3d at p. 527.) In *People* v. *Mangiefico, supra,* 25 Cal.App.3d at page 1049, the court stated, ■ "In determining whether a private investigator should be required to give the *Miranda* warning the inquiry is directed to whether the investigator is acting as

[1]The interest of an employer in questioning its own employees is distinct from the interest of a store security guard in questioning a shoplifting suspect. Thus this case would not be controlled by *In re Deborah C.*■ (Cal.App.) currently pending in the state Supreme Court.

an agent of law enforcement officials or is primarily engaged in enforcing the law. If he is, then *Miranda* comes into play. We have already concluded that Berdan was not an agent of the local law enforcement officers and that he was not primarily engaged in law enforcement." So, here, the record shows the examination was not conducted primarily for law enforcement.

In this case the investigating police officer, William Whittaker, testified that the head security officer for Thrifty Oil Company, Miguel Valentine, contacted Whittaker by phone about 11:30 the morning of the burglary and stated that he had concluded there was a possibility that an employee was involved, that it was "an inside type job." Valentine stated that he was going to schedule several employees for a polygraph examination and he asked Officer Whittaker "if that would be okay," to which Whittaker responded "[y]es." We construe this to mean that Valentine merely wanted to make sure that his own investigation would not interfere with the police investigation. The fact that Valentine checked first with the police is not sufficient police involvement to render the statement inadmissible. In *People* v. *Price* (1965) 63 Cal.2d 370, 376, 379 [46 Cal.Rptr. 775, 406 P.2d 55], a statement made by the defendant to a television news reporter was held "in no way the result of police interrogation" although the reporter, prior to the interview, sought and "obtained permission from the officer exercising custody" over defendant. Officer Whittaker did not suggest any questions to be asked. He did not participate in any way in the interview or with setting it up.

At the time of his conversation with Valentine, Officer Whittaker asked Valentine to "keep me informed as to what occurred." This does not compel the conclusion that Valentine acted as an agent for the police. (*People* v. *Mangiefico, supra*, 25 Cal.App.3d at pp. 1046-1047.) Valentine was still the instigator and was acting primarily for the employer's private purposes.

The judgment (order granting probation) is affirmed.

Stephens, Acting P. J., and Hastings, J., concurred.